UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| BOARD & BATTEN INTERNATIONAL INC., <br><br> Plaintiff, <br><br> v. <br><br> SKYWALKER HOLDINGS, LLC DBA SKYWALKER TRAMPOLINES, <br><br> Defendant. | Civ. Action No. 4:22-cv-00975 |

**PLAINTIFF BOARD & BATTEN INTERNATIONAL INC.'S MOTION FOR LEAVE TO OBTAIN EXPEDITED VENUE DISCOVERY AND TO EXTEND THE DEADLINE TO RESPOND TO DEFENDANT SKYWALKER HOLDINGS LLC'S MOTION TO DISMISS OR TO TRANSFER VENUE**

Plaintiff Board & Batten International Inc. ("Plaintiff") files this Motion for Leave to Obtain Expedited Venue Discovery and to Extend the Deadline to Respond to Defendant Skywalker Holdings LLC's Motion to Dismiss or to Transfer Venue (the "Motion").[1]

**SUMMARY OF ARGUMENT**

Plaintiff seeks leave to conduct expedited venue discovery in order to (1) determine whether Defendant Skywalker Holdings, LLC ("Defendant" and together with Plaintiff, the "Parties") has a regular and established place of business in this District and (2) test the factual statements in Defendant's Motion to Dismiss or to Transfer Venue (Dkt. #3) ("Motion to Dismiss or Transfer") and the Declaration of Justin Kartchner (Dkt. #3-2) ("Kartchner Decl.").

---

[1] Plaintiff's counsel believes this Motion is unopposed based upon a conference that Plaintiff's counsel had with Defendant's counsel on January 14, 2023; however, Plaintiff's counsel has not yet received final confirmation from Defendant's counsel. Upon receipt of final confirmation, Plaintiff's counsel will update the Court accordingly.

1

## BACKGROUND

A. <u>The Parties and Products</u>

Plaintiff Board & Batten International Inc. is a Cayman Island exempt company with a principal location at c/ International Management Services Ltd, Harbour Centre 4th Floor, North Church Street, Georgetown, Cayman Islands. Plaintiff owns United States Patent No. 7,854,687 (the "'687 Patent"),[2] which is entitled "Trampoline and Enclosure System." Plaintiff has made, used, offered to sell and/or sold within the United States, and/or imported into the United States its trampolines and accessories under the Springfree® brand.

Defendant Skywalker Holdings, LLC is a Utah limited liability company with its principal place of business located at 1006 West Highway 13, Unit #8, Brigham City, Utah 84302. Defendant is registered as a foreign entity qualified to transact business in the State of Texas. Defendant has made, used, offered to sell and/or sold within the United States, and/or imported into the United States various trampoline products and components including its Skywalker 16' Round Epic Series Trampoline and Skywalker 14' Round Epic Series Trampoline under the brand "Skywalker Trampolines" and the sub-brand "Epic Series."

B. <u>The Parties' Respective Positions on Venue</u>

The Parties agree that their respective products are both sold in the State of Texas and, more particularly, within this District; however, the Parties disagree on whether venue is proper in the District. Specifically, Plaintiff alleges that venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant has committed acts of infringement and has a regular and established place of business within the District. By contrast, Defendant alleges that venue is improper in this District and this matter should either be (1) dismissed under FED. R. CIV. P. 12(b)(3) or,

---

[2] Any capitalized terms used herein that are otherwise undefined shall take on the definitions ascribed to them in Plaintiff's Original Complaint (Dkt. No. 1).

2

alternatively, (2) transferred to the District of Utah pursuant to 28 U.S.C. § 1404(a). The Parties' respective positions are more fully developed in Plaintiff's Complaint for Patent Infringement (Dkt. #1) ("Complaint") and Defendant's Motion to Dismiss or Transfer respectfully, which are each incorporated herein by reference.

C. Procedural Background

On November 17, 2022, Plaintiff filed its Complaint. Defendant then executed a waiver of service on November 28, 2022. On January 17, 2023, Defendant filed its Motion to Dismiss or Transfer. In its motion, Defendant contends that venue is improper in this District because Defendant (1) does not reside in the District and (2) does not have a regular and established place of business in this District. In support of its position, Defendant has submitted the Kartchner Decl., wherein Mr. Kartchner states, in relevant part, that:

3. All relevant Skywalker employees that would have information pertinent to Board & Batten International Inc.'s B&B's claim for patent infringement are located in Utah.

4. Skywalker does not employ any employees that are located in Texas.

5. Skywalker does not maintain any business offices or distribution centers in Texas[.]

6. The design of Skywalker's trampolines, including the 16' and 14' trampolines at issue here, occurs in Utah.

7. Skywalker primarily advertises through marketing materials, all of which are created in Utah, and its own website, which is operated and maintained in Utah.

8. Skywalker does not directly target Texas with its advertising, marketing, or sales. Rather, Skywalker is a company with a national footprint that advertises mainly online to customers across the United States.

9. Skywalker does not have direct control over its authorized retailers, including but not limited to, Academy Sports +

3

>    Outdoors, Amazon, Bass Pro Shops, Cabela's Outdoor Adventures, Dick's Sporting Goods, Family Store Network, The Home Depot, Kohl's, Lowe's, Macy's, Play It Again Sports, Sam's Club, Sears, Target, Walmart, or Wayfair.
>
> 10. Skywalker is currently owned by Ocean Master Investments, Inc.

Kartchner Decl. ¶¶ 3-10.

Plaintiff's response in opposition to Defendant's Motion to Dismiss or Transfer is due on February 14, 2023. Concurrently with this Motion, Plaintiff is also moving to extend the deadline for its opposition to Defendants' Motion to Dismiss or Transfer until 21 days after Plaintiff obtains the requested discovery.

D. <u>The Expedited Discovery Sought by Plaintiff</u>

To date, the Parties have worked together amicably and in good faith to reach an agreement on the proposed venue discovery. Most recently, the Parties conferred via telephone on February 14, 2023, and reached an agreement on the proposed venue discovery.

By way of further detail, on January 30, 2023, Plaintiff's counsel contacted Defendant's counsel by email to confer on the proposed venue discovery, which, at that time, included (1) a 30(b)(6) deposition, (2) approximately five requests for production ("RFPs"), and (3) approximately five interrogatories ("Rogs") over the timeframe of November 17, 2016, through present. In response, Defendant's counsel stated that Defendant was willing respond to (1) three RFPs and (2) three Rogs on condition that Defendant be able to review the proposed venue discovery in advance. At that time, Defendant's counsel did not believe that a deposition was warranted, claiming that the responses to Rogs should be sufficient. Furthermore, Defendant's counsel disagreed with Plaintiff's proposed timeframe as overly long.

Since such time, the Parties' respective counsel have conferred via email almost daily, including an exchange of proposed venue discovery on February 3, 2023.  At that time, Plaintiff proposed (1) a modified applicable timeframe from November 17, 2016, to January 1, 2021, through present, (2) a FED. R. CIV. P. 30(b)(6) deposition with certain limitations (i.e., no more than three hours, no more than five deposition topics, and a willingness to conduct the deposition remotely at the convenience of the witness), and (3) five RFPs and four Rogs.  In response, Defendant's counsel stated that Defendant was generally willing to respond to the four Rogs, as well as four out of five of the RFPs, explaining that one of the RFPs was more appropriate for personal jurisdiction rather than venue.  As before, Defendant's counsel did not believe that a deposition was warranted claiming that the responses to Rogs should be sufficient.

Although Plaintiff first attempted to amend the rejected RFP, on February 8, 2023, Plaintiff ultimately abandoned the rejected RFP and agreed to withdraw the request for deposition until Plaintiff reviews Defendant's responses to the agreed-upon Rogs and RFPs (including relevant document production produced therewith).  Plaintiff reserves the right to renew its request for a deposition should Plaintiff determine that Defendant's responses to the Rogs and/or RFPs are deficient.

The Parties then conferred again via telephone on February 14, 2023, and reached a final agreement on the proposed venue discovery, to wit:

    (1) The applicable timeframe is January 1, 2021, through present;

    (2) Plaintiff may propound four RFPs;[3]

    (3) Plaintiff may propound four Rogs;[4]

---

[3] *See* Ex. A.

[4] *Id.*

> (4) Plaintiff expressly reserves the right to move for an expedited deposition concerning venue discovery if Plaintiff determines after a review of Defendant's written discovery responses (including relevant document production produced therewith) that the responses are somehow deficient; and
>
> (5) Defendant expressly reserves the right to oppose Plaintiff's subsequent request for an expedited deposition concerning venue discovery, if any.

Accordingly, Plaintiff seeks leave to serve four RFPs and four Rogs under FED. R. CIV. P. 33 and 34 with an applicable time period of January 1, 2021, through present. All of the document requests and interrogatories seek information to confirm that Defendant maintains a regular and established place of business within the District vis-à-vis the interim control that Defendant exerts upon its authorized dealers operating within the District.

Specifically, Plaintiff seeks the following documents:

1. Documents sufficient to identify and describe Defendant's physical presence in the District including, but not limited to, (1) each physical property in the District that is owned, leased, rented, used, or otherwise possessed or controlled by Defendant at which any person or entity carried out business activities on Defendant's behalf and (2) each person (i.e., officers, employees, and agents) that resides or works in the District that carries out business activities on Defendant's behalf.

2. Each contractual agreement (i.e., Authorized Retailer Agreements, Distributor Agreements, and Dealer Agreements) Defendant has with any Authorized Retailer that operates in the District including, but not limited to, Academy Sports + Outdoors, Amazon, Bass Pro Shops, Cabela's Outdoor Adventures, Dick's Sporting Goods, Family Store Network, The Home Depot, Kohl's, Lowe's, Macy's, Play It Again Sports, Sam's Club, Sears, Target, Walmart, and Wayfair.

3. Documents sufficient to identify the processes or procedures that another person or entity is required to comply with in order to become and maintain status as an Authorized Retailer of Defendant's products.

4. Documents sufficient to support or refute any factual statements Defendant made in any document Defendant filed or served in this Lawsuit (i.e., Motion to Dismiss or Transfer Venue, the

      Declaration of Justin Kartchner, Defendant's discovery responses, and Defendant's document production).

*See* Ex. A.

  Similarly, Plaintiff's interrogatories include the following:

1. Identify and describe (1) each physical property in the District that is owned, leased, rented, used, or otherwise possessed or controlled by Defendant at which any person or entity carried out business activities on Defendant's behalf and (2) the nature and duration of the activities conducted at each such property.

2. Identify and describe (1) each person (i.e., officers, employees, and agents) that resides or works in the District that carries out business activities on Defendant's behalf and (2) the location, nature, and responsibility of each person.

3. Identify and describe the business relationship Defendant has with each of Defendant's Authorized Dealers located within the District.

4. Describe the processes or procedures that another person or entity is required to comply with in order to become and maintain status as an Authorized Retailer of Defendant's products.

*Id.*

  Plaintiff also requests that the four interrogatories sought in this motion not count against any limits imposed by the Federal Rules, Local Civil Rules, or this Court's individual practices and procedures. Under FED. R. CIV. P. 26(b)(2)(B), this Court can modify any limits on the number of interrogatories. It is appropriate to do so here because the information sought by Plaintiff is limited to facts relevant to Defendant's venue objection. Plaintiff does not seek to obtain, through expedited discovery, facts relevant to the merits of the Parties' claims or defenses. Accordingly, Plaintiff will not obtain an unfair advantage if the expedited discovery does not count against the usual interrogatory limits.

## THE APPLICABLE LAW

A. <u>Expedited Venue Discovery</u>

Under FED. R. CIV. P. 26(d)(1), a party may not seek discovery from any source until the parties conduct their FED. R. CIV. P. 26(f) discovery planning conference. However, courts can accelerate or otherwise alter the timing and sequence of discovery pursuant to their broad discretion to manage the discovery process. *See* FED. R. CIV. P. 26(d)(1); 1993 Advisory Committee Notes to FED. R. CIV. P. 26(d) ("Discovery can begin earlier if authorized . . . by local rule, order, or stipulation."). Federal courts also may, where appropriate, (i) shorten the time for responses to interrogatories and requests for production of documents and (ii) permit early depositions. *See* FED. R. CIV. P. 30(a)(2)(A)(iii), 33(b)(2), and 34(b)(2)(A).

Indeed, "[t]he Court has discretion to allow targeted venue discovery." *Westport Fuel Sys. Canada Inc. v. Nissan N. Am., Inc.*, No. 2:21-CV-455-JRG-RSP, 2022 WL 1912769, at *1 (E.D. Tex. June 2, 2022) (citing *Moore v. CITGO Ref. & Chemicals Co., L.P.*, 735 F.3d 309, 315 (5th Cir. 2013) ("A district court has broad discretion in all discovery matters, and such discretion will not be disturbed ordinarily unless there are unusual circumstances showing a clear abuse.") and *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.13 (1978) ("[W]here issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues.")). Such discretion will only be overturned in unusual circumstances showing clear abuse such as when a district court's "decision is based on an erroneous view of the law, but we will only vacate a court's judgment if it affected the substantial rights of the appellant. The appellant must prove both abuse of discretion and prejudice." *Green v. Life Ins. Co. of N. Am.*, 754 F.3d 324, 329 (5th Cir. 2014).

"An increasing majority of district courts, including several in the Fifth Circuit, have adopted a 'good cause' standard to determine whether to permit such expedited discovery."

*OrthoAccel Techs, Inc. v. Propel Orthodontics*, Case No. 4:16–cv–360, 2016 WL 3747222, at *3 (E.D. Tex. July 13, 2016); *Combat Zone Corp. v. John/Jane Does 1–2*, No. 2:12–cv–00509, 2012 WL 6684711, at *1 (E.D. Tex. Dec. 21, 2012) (collecting cases). "The "good cause" analysis requires a moving party to show good cause." *Uniloc USA, Inc. v. Apple Inc.*, No. 2:17-CV-00258-JRG, 2017 WL 3382806, at *1 (E.D. Tex. July 21, 2017) (citing *El Pollo Loco, S.A. de C.V. v. El Pollo Loco, Inc.*, 344 F. Supp. 2d 986, 991 (S.D. Tex. 2004). "Under such standard, the court should examine the discovery request 'on the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances.'" *Id.* (citing *OrthoAccel Techs, Inc. v. Propel Orthodontics*, Case No. 4:16–cv–360, 2016 WL 3747222, at *3 (E.D. Tex. July 13, 2016)). To determine whether good cause exists, courts typically consider five factors: (1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made. *Id.*; *St. Louis Group, Inc. v. Metals & Additives Corp., Inc.*, 275 F.R.D. 236, 240 (S.D. Tex. 2011).

B. <u>Regular and Established Place of Business</u>

Venue in patent infringement lawsuits is governed by 28 U.S.C. §1400(b), which permits "any civil action for patent infringement" to "be brought in the judicial district . . . where the defendant committed acts of infringement and maintains a regular and established place of business." Three requirements must be met to show that the accused infringer maintains a regular and established place of business in a judicial district: (1) there must be a physical location in the district; (2) it must be a regular and established place of business; and (3) it must be a place of the defendant. *In re: Cray, Inc.*, 871 F.3d 1355, 1360-64 (Fed. Cir. 2017).

The first *Cray* factor requires a "physical, geographical location in the district from which the business of the defendant is carried out." *Id.* at 1362. The second *Cray* factor requires a regular and established place of business in the District. A business is regular if it operates in a steady, uniform, methodical, and non-sporadic manner. *Id.* In other words, the alleged place of business "must for a meaningful time period be stable" and "established." *Id.* at 1363. Moreover, the accused infringer's employee or agent must be conducting business at a location for it to be a "place of business." *In re Google LLC*, 949 F.3d 1338, 1344 (Fed. Cir. 2020).

The final *Cray* factor requires that the physical location be "a place of *the defendant*, not solely a place of the defendant's employee." *In re: Cray, Inc.*, 871 F.3d at 1363 (emphasis in original). Relevant considerations to this analysis include (1) "whether the defendant owns or leases the place, or exercises other attributes of possession or control over the place," (2) "whether the defendant conditioned employment on an employee's continued residence in the district or the storing of materials at a place in the district so that they can be distributed or sold from that place," and (3) "marketing," "advertisements," or representations that "indicate that the defendant itself holds out a place [in the district] for its business." *Id.* at 1363-64.

When a plaintiff argues that a third party is, itself, an agent of the defendant infringer in order to establish patent venue, the plaintiff must show that the defendant exercises "interim control" over the agent, which can best be explained as day-to-day control over the operation of the agent to carry out specific services for which the alleged agency relationship exists. *See In re Volkswagen Group of Am., Inc.*, 28 F.4th 1203, 1208-14 (Fed. Cir. 2022); *In re Google LLC*, 949 F.3d 1338, 1345-46 (Fed. Cir. 2020) (citing Restatement § 1.01(f)(1))). As applied to the *Cray* factors, a plaintiff must show (1) the third party is an agent of the defendant; (2) the third party

conducts defendant's business; and (3) the defendant has ratified the third party as defendant's place of business. *In re Volkswagen Group of Am., Inc.*, 28 F.4th 1203, 1208 (Fed. Cir. 2022).

## ARGUMENT

A. <u>Good Cause Exists for Expedited Venue Discovery</u>

All of the relevant considerations support Plaintiff's request for expedited venue discovery. The requested discovery is narrowly tailored to determine whether Defendant maintains a regular and established place of business in this District, and it will not impose an undue burden upon Defendant.

      *i.*    *Discovery Is Narrowly Tailored to Confirm That Defendant Has a Regular and Established Place of Business in This District.*

Good cause exists because the requested discovery is targeted and only seeks information related to whether Defendant maintains a regular and established place of business in this District. Based on the Federal Circuit's decision in *In re: Cray* (871 F.3d at 1360-64), when patent venue is contested on the ground that the accused infringer lacks a regular place of business in a judicial district, discovery is appropriate concerning:

- Each physical property in the District owned, leased, or used by the accused infringer and the nature and duration of activities conducted there. *See Nike, Inc. v. Skechers U.S.A., Inc.*, No. 3:16-cv-007-PK, 2017 WL 3389022, at *3 (D. Or. June 30, 2017); *Wi-LAN Inc. v. Lenovo (United States), Inc.*, 2017 WL 3194692, at *3 (S.D. Cal. July 27, 2017); Ex. A (RFP No. 1, Rog. No. 1).

- Each physical property in the District used by others to conduct business on the accused infringer's behalf. *See Nike*, 2017 WL 3389022, at *2; *Wi-LAN Inc.*, 2017 WL 3194692, at *3; Ex. A (RFP No. 1, Rog. No. 1).

- Each relationship with another party that requires the accused infringer to conduct business in the District. *See Wi-LAN Inc.*, 2017 WL 3194692, at *3; Ex. A (RFP Nos. 2-3, Rog. Nos. 3-4).

- Accused infringer employees and agents who work in the District, the nature and responsibilities of such employees, and whether the employees are required to work or

reside in the district.  *See Nike*, 2017 WL 3389022, at *2; *Wi-LAN Inc.*, 2017 WL 3194692, at *3; Ex. A (RFP No. 1, Rog. No. 2).

- Any declaration submitted in support of the accused infringer's motion to dismiss, so that the patent owner can test the veracity and due diligence of the declarant and accused infringer.  *See Cellular Dynamics Int'l, Inc. v. Lonza Walkersville, Inc.*, No. 17-cv-0027-slc, 2017 WL 4046348, at *2 (W.D. Wis. Sept. 12, 2017); Ex. A (RFP No. 4).

As shown by the above citations to Plaintiff's proposed discovery requests in Exhibit A, all of Plaintiff's requested discovery seeks permissible information that is directly relevant to whether Defendant has a regular and established place of business in this District.

In its Complaint, Plaintiff alleges that Defendant has a regular and established place of business in this District because of Defendant's many "Authorized Retailers" that have a substantial presence in Texas and this District including, but not limited to, Academy Sports + Outdoors, Amazon, Bass Pro Shops, Cabela's Outdoor Adventures, Dick's Sporting Goods, The Home Depot, Kohl's, Lowe's, Macy's, Play It Again Sports, Sam's Club, Sears, Target, Walmart, Wayfair, and Family Store Network. Complaint ¶¶ 7-8.

Defendant, by and through its Motion to Dismiss or Transfer and Kartchner Declr., contends that the requirements of the *Cray* test are not met because Defendant does not (1) have a physical presence in the district; (2) have a regular and established place of business; and (3) have a place "of the Defendant."  In support of Defendant's contention, Defendant makes statements regarding the level of control—or lack thereof—it exerts over its "Authorized Retailers."  Where, as here, most of the relevant information concerning venue resides exclusively with Defendant, Plaintiff should be permitted to test the statements in Defendant's Motion to Dismiss or Transfer and the Kartchner Decl. to ensure that the Court has a complete factual record on this issue.  *See SEVEN Networks, LLC v. Google LLC*, No. 2:17-CV-00442-JRG, 2018 WL 3634589, at *13 (E.D. Tex. July 19, 2018) ("[T]he Court anticipates it will commonly be asked to permit, on motion, a

similar, targeted discovery process to ensure it is able to have a complete picture of the underlying venue facts before attempting to apply the statutory requirements of § 1400(b)").

The timing of the requested discovery is also reasonable under the circumstances. Defendant filed its Motion to Dismiss or Transfer on January 17, 2023. Since such time the Parties have worked together amicably and in good faith in order to reach an agreement on the proposed venue discovery—and, in fact, have reached an agreement on the same. Accordingly, the filing of this Motion does not constitute undue burden or surprise because of Defendant's participation.

Plaintiff also requests that the deadline to respond to Defendant's Motion to Dismiss or Transfer be extended to 21 days after Defendant provides the requested discovery (and corresponding production therewith).

> ii. *The Discovery Sought Is Limited and Imposes a Minimal Burden on Defendant.*

The requested venue discovery is also reasonable under the circumstances because it is limited and will impose a minimal burden on Defendant. The requests are limited to the time period of January 1, 2021, through present. *See Wi-Lan*, 2017 WL 3194692, at *3 ("all discovery requests must be limited in time to the date the claims accrued plus a reasonable time thereafter."). The requests for production do not seek "all" responsive documents on each topic but are limited in scope to those responsive documents applicable to this District—and, largely, only require documents "sufficient to show" facts responsive to each request. The total number of discovery requests is reasonable—only four RFPs and four Rogs. Finally, granting limited discovery would not force Defendant to provide access to its documents or witnesses before it has had an opportunity to assess the issues in dispute because Defendant's Motion to Dismiss or Transfer necessitated the request for expedited discovery. *See Kone Corp. v. Thyssenkrupp USA, Inc.*, 2011 WL 4478477, at *6 (D. Del. Sept. 26, 2011).

      *iii.*      *Good Cause Also Exists to Extend the Deadline for Plaintiff's Response to Defendant's Motion to Dismiss or Transfer.*

For the same reasons that good cause exists for expedited discovery, good cause also exists under FED. R. CIV. P. 6(b) to extend the deadline for Plaintiff's response to Defendant's Motion to Dismiss or Transfer until 21 days after Plaintiff obtains the requested discovery. Indeed, the parties actively worked together to reach an agreement on the proposed venue discovery, and Plaintiff, with Defendant's permission, has already twice requested that the Court extend Plaintiff's deadline to respond. The information sought by Plaintiff is directly related to the disputed issue of whether Defendant maintains a regular place of business in this District. The discovery is limited and narrowly tailored to venue. Finally, an extension of the February 14, 2023, deadline for Plaintiff's response will allow the parties to provide the Court with a complete factual record to resolve this dispute.

## CONCLUSION

For the foregoing reasons, Plaintiff Board & Batten International Inc. respectfully requests that it be given leave to obtain, on an expedited basis, the discovery sought in Exhibit A concerning venue. Furthermore, Plaintiff requests that the expedited interrogatories not count against any limits imposed by the Federal Rules, Local Civil Rules, or this Court's individual practices and procedures. Finally, Plaintiff requests that the deadline for Plaintiffs' response to Defendant's Motion to Dismiss or to Transfer Venue (Dkt. #3) be extended until 21 days after Plaintiff obtains the requested discovery.

Dated: February 14, 2023

                                            Respectfully submitted,

                                            */s/ Kelly J. Kubasta*
                                            **Kelly J. Kubasta**
                                            Texas Bar No. 24002430
                                            **Tory Cronin**

Texas Bar No. 24055362
**Kevin E. Barnett**
Texas Bar No. 24103834

**FERGUSON BRASWELL FRASER KUBASTA PC**
2500 Dallas Parkway, Suite 600
Plano, Texas 75093
Phone: 972-378-9111
Fax:   972-378-9115
kkubasta@fbfk.law
tcronin@fbfk.law
kbarnett@fbfk.law

*COUNSEL FOR PLAINTIFF*
*BOARD & BATTEN INTERNATIONAL, INC.*

## CERTIFICATE OF CONFERENCE

On February 14, 2023, the undersigned counsel for Plaintiff Board & Batten International Inc. conferred with counsel for Defendant Skywalker Holdings LLC DBA Skywalker Trampolines, regarding the relief requested in this Motion.  Because the Parties agreed upon the scope and substance of the expedited venue discovery, Plaintiff's counsel believes this Motion is unopposed; however, Plaintiff's counsel has not yet received final confirmation from Defendant's counsel.  Upon receipt of final confirmation, Plaintiff's counsel will update the Court accordingly.

*/s/ Kevin E. Barnett*
Kevin E. Barnett

## CERTIFICATE OF SERVICE

The undersigned counsel certifies a true and correct copy of the foregoing was served on all parties and/or counsel of record in accordance with the Federal Rules of Civil Procedure on February 14, 2023.

*/s/ Kevin E. Barnett*
Kevin E. Barnett