# Exhibit A

# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| BOARD & BATTEN INTERNATIONAL INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civ. Action No. 4:22-cv-00975 |
| v. | ) |
| | ) |
| SKYWALKER HOLDINGS, LLC DBA | ) |
| SKYWALKER TRAMPOLINES, | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFF BOARD & BATTEN INTERNATIONAL INC.'S FIRST REQUESTS FOR PRODUCTION AND FIRST SET OF INTERROGATORIES TO DEFENDANT SKYWALKER HOLDINGS, LLC DBA SKYWALKER TRAMPOLINES

TO: Skywalker Holdings, LLC DBA Skywalker Trampolines, by and through its attorneys of record, James T. Burton and Michael A. Eixenberger, 36 South State, Suite 1900, Salt Lake City, Utah 84111 and Matthew K. Hansen and A. Tucker Davison, 2200 Ross Avenue, Suite 2800, Dallas, Texas 75201.

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, Plaintiff Board & Batten International Inc. hereby requests that Defendant Skywalker Holdings, LLC DBA Skywalker Trampolines produce for inspection and copying the documents requested herein, and answer the interrogatories contained herein, within thirty (30) days of service or at such other time as the Court may order or the parties agree, at the offices of Ferguson Braswell Fraser Kubasta PC, 2500 Dallas Parkway, Suite 600, Plano, Texas 75093, or at such other place as the parties may mutually agree.

## DEFINITIONS

1. "B&B" or "Plaintiff" means Board & Batten International Inc. and its employees, officers, directors, partners, agents and representatives.

2. "Skywalker," "Defendant," "You," or "Your" means the named defendant

Skywalker Holdings, LLC DBA Skywalker Trampolines and its employees, officers, directors, partners, agents and representatives.

3. The "District" means the geographic region over which the United States District Court for the Eastern District of Texas presides.

4. "Authorized Retailers" shall take on the meaning that Defendant ascribes to it as utilized on Defendant's website, https://www.skywalkertrampolines.com/pages/authorized-retailers.

5. "Lawsuit" shall mean this legal proceeding styled *Board & Batten International, Inc. v. Skywalker Holdings, LLC DBA Skywalker Trampolines*, Civ. Action No. 4:22-cv-00975, in the United States District Court for the Eastern District of Texas, Sherman Division.

6. "Person" or "Persons" means any individual, association, partnership, corporation, firm, organization or entity.

7. The word "or" means "and/or" and the word "and" means "and/or."

8. "Document(s)" is used in the broadest sense permissible under the Federal Rules of Civil Procedure and shall mean and include the original, or a copy thereof, if the original is not available, of every written, printed, typed, recorded, reported or graphic record or material including every draft and/or non-identical copy thereof of every type and description that is in the actual or constructive possession, control or custody of you or your attorneys.

9. The term "things" as used herein shall refer to any tangible object, including audio recordings, video recordings and the like, which may for some reason be construed as something other than a document.

10. "Identify" or "identification" with respect to a person or persons means to state:

    a) the full name;

    b) the title;

  c) the present address, if known, or if not, the last known address;

  d) the employer or business affiliation of such person(s); and

  e) the employment duties, functions and responsibilities of such person or persons.

11. "Identify" or "identification" with respect to an entity means to state:

  a) the name;

  b) the place of incorporation, if incorporated;

  c) the principal place of business; and

  d) the identity of the person or persons having knowledge of the matter with respect to which the company is named.

12. "Identify" or "identification" with respect to a government agency, organization or other government entity means to state:

  a) the name;

  b) the municipality, city, county, state or other entity by and/or for which the organization serves;

  c) the principal place of business;

  d) the purpose of the organization; and

  e) the identity of the person or persons having knowledge of the matter with respect to which the organization is named.

13. "Identify" or "identification" with respect to a document means to state:

  a) the title of the document;

  b) the date of the document;

  c) the name of the person or persons who signed, prepared, or participated in the preparation of such document;

  d) the name of the person to whom the document was addressed;

  e) the name of each person to whom the document was given or sent, or who received such document or a copy thereof;

f) the identity of each person having possession, custody, control or effective control of the document or thing; and

g) the nature and subject matter of the document or thing.

In lieu of such identification, you may simply provide a copy of the document with its answers to these interrogatories and indicate on the document copy which interrogatory or sub-interrogatory the document is being produced in response to.

14. "Identify" or "identification" with respect to a thing means to state:

a) a description of the thing;

b) where the thing is located; and

c) the identity of the person or persons who have possession or control of the thing.

In lieu of such identification, you may simply provide photographs or other illustrative replicas of the thing with your answers to these interrogatories and indicate on the photograph or replica which interrogatory or sub-interrogatory the same is being produced in response to.

15. "Identify" or "identification" with respect to an event means to state:

a) the date of such event;

b) the location of such event; and

c) the identity of each person present at the event.

16. "Including" means "including but not limited to."

17. "Goods" means "products, goods or services."

18. "On" and "in connection with" mean "on or in connection with."

19. "Relating to" means "relating to, reflecting, supporting, evidencing, discussing, showing, summarizing, analyzing, containing, pertaining to, or concerning in any way, directly or indirectly."

20. "Communication" or "communications" means any contact or act, the purpose or

effect of which is to convey information or knowledge, including, but not limited to, written contact by letters, memoranda, financial reports, telecopies, telegrams, telexes, or by any documents, and oral contact by such means as face-to-face meetings, telephone conversations, or recorded telephone messages.

21. Whenever used herein, the singular shall be deemed to include the plural, and the plural shall be deemed to include the singular; the masculine shall be deemed to include the feminine and the feminine shall be deemed to include the masculine.

22. As used herein, "referencing", or "concerning" means consist of, refer to, pertain to, reflect, evidence, show, demonstrate, constitute, or be in any way logically or factually connected to the matter discussed.

23. The present tense includes the past tense and vice versa.

## INSTRUCTIONS

1. Each Request and Interrogatory requested herein is (i) subject to, and shall occur or be answered pursuant to, the Federal Rules of Civil Procedure, this Court's Local Rules, and any Standing Orders of the Court and (ii) is **limited to the time between January 1, 2021, through present.**

2. Defendant shall produce documents as they are kept in the usual course of business or shall organize and label them to correspond with the Requests.

3. When answering and responding to these Interrogatories, You are requested to furnish all information available to You, inclusive of Your employees, officers, directors, partners, agents and representatives or any other person acting on Your behalf. If You cannot answer or respond in full after exercising due diligence to secure the information, answer or respond to the extent possible, and specify the reason for Your inability to answer or respond to the remainder.

4. These Requests and Interrogatories should be treated as requiring supplementation at all times and for all purposes in the event information obtained subsequent to your response indicates that your response to such Request or Interrogatories is no longer completely candid, accurate, and complete.

5. If any document requested herein was, but is no longer, in Your custody, control or possession, state with particularity the disposition made of each such document, including the date of, method of and reason(s) for such disposition and the name and address, if known, of any person who has seen the document or who now has custody, control or possession thereof. Possession, custody, and control do not require that You have actual physical possession; instead, if You have physical control or a superior right to compel production from another, the document must be produced.

6. To the extent You contend that any of the following Requests are objectionable, answer as much of each that is not, in Your view, objectionable, and separately identify the part of each to which You raise one or more objections, specify the legal or factual basis for each such objection and the extent to which You are refusing to comply with the Request based on Your objection(s).

7. The Federal Rules of Civil Procedure impose a duty upon a party to reasonably supplement responses to Requests and Interrogatories upon the occurrence of specified events and contingencies. Upon the occurrence of any of the events or contingencies giving rise to a duty to supplement, Plaintiff requires that You supplement your responses to these Requests and Interrogatories.

8. In the event you state that a response to a Request or Interrogatory cannot be provided on the grounds of privilege, please provide a privilege log identifying the date, subject,

author, recipient, and bates number, if any, of the document and the particular privilege being invoked.

9. If You object to a Request or Interrogatory on the grounds that to provide an answer or document would constitute an undue burden, You are requested to provide such information as can be supplied without undertaking an undue burden and to explain the grounds for Your contention that an undue burden exists.

10. Each paragraph below shall operate and be construed independently and, unless otherwise indicated, no paragraph limits the scope of any other paragraph.

11. Unless otherwise directed, respond to each Request or Interrogatory from the earliest time for which you have relevant information to the present.

12. Answer each Request separately by listing the documents and by describing them as defined below. If documents are numbered for production, in each response please provide both the information that identifies the document and the document's number.

13. For each document or other requested information that You assert is privileged or is not discoverable, identify that document or other requested information. State the specific grounds for the claim of privilege or other ground for exclusion.

14. For each document You claim is not discoverable, state the information required by the definition of "documents" below, and in addition state (a) the author's job title and address; (b) the recipient's job title and address; (c) the name and job title of all persons to whom it was circulated or who saw it; (d) the name, job title, and address of the person now in possession of the document; and (e) the document's present location.

**15.** For a document that no longer exists or that cannot be located, identify the document, state how and when it passed out of existence, or when it could no longer be located,

and the reasons for the disappearance. Also, identify each person having knowledge about the disposition or loss of the document, and identify any other document evidencing the lost document's existence or any facts about the lost document.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:** Documents sufficient to identify and describe Your physical presence in the District including, but not limited to, (1) each physical property in the District that is owned, leased, rented, used, or otherwise possessed or controlled by You at which any person or entity carried out business activities on Your behalf and (2) each person (i.e., officers, employees, and agents) that resides or works in the District that carries out business activities on Your behalf.

**RESPONSE:**


**REQUEST NO. 2:** Each contractual agreement (i.e., Authorized Retailer Agreements, Distributor Agreements, and Dealer Agreements) You have with any Authorized Retailer that operates in the District including, but not limited to, Academy Sports + Outdoors, Amazon, Bass Pro Shops, Cabela's Outdoor Adventures, Dick's Sporting Goods, Family Store Network, The Home Depot, Kohl's, Lowe's, Macy's, Play It Again Sports, Sam's Club, Sears, Target, Walmart, and Wayfair.

**RESPONSE:**


**REQUEST NO. 3:** Documents sufficient to identify the processes or procedures that another person or entity is required to comply with in order to become and maintain status as an Authorized Retailer of Your products.

**RESPONSE:**

**REQUEST NO. 4:** Documents sufficient to support or refute any factual statements You made in any document You filed or served in this Lawsuit (i.e., Motion to Dismiss or to Transfer Venue (Dkt. No. 3), the Declaration of Justin Kartchner (Dkt. No. 3-2), Your discovery responses, and Your document production).

**RESPONSE:**

## INTERROGATORIES

**INTERROGATORY NO. 1:** Identify and describe (1) each physical property in the District that is owned, leased, rented, used, or otherwise possessed or controlled by You at which any person or entity carried out business activities on Your behalf and (2) the nature and duration of the activities conducted at each such property.

**RESPONSE:**

**INTERROGATORY NO. 2:** Identify and describe (1) each person (i.e., officers, employees, and agents) that resides or works in the District that carries out business activities on Your behalf and (2) the location, nature, and responsibility of each person.

**RESPONSE:**

**INTERROGATORY NO. 3:** Identify and describe the business relationship You have with each of Your Authorized Dealers located within the District.

**RESPONSE:**

**INTERROGATORY NO. 4:** Describe the processes or procedures that another person or entity is required to comply with in order to become and maintain status as an Authorized Retailer

of Your products.

**RESPONSE:**

Date: February 14, 2023.

                                        Respectfully submitted,

                                        */s/ Kevin E. Barnett*
                                        **Kelly J. Kubasta**
                                        Texas Bar No. 24002430
                                        **Tory Cronin**
                                        Texas Bar No. 24055362
                                        **Kevin E. Barnett**
                                        Texas Bar No. 24103834

                                        **FERGUSON BRASWELL FRASER KUBASTA PC**
                                        2500 Dallas Parkway, Suite 600
                                        Plano, Texas 75093
                                        Phone: 972-378-9111
                                        Fax:  972-378-9115
                                        kkubasta@fbfk.law
                                        tcronin@fbfk.law
                                        kbarnett@fbfk.law

                                        **COUNSEL FOR PLAINTIFF**
                                        **BOARD & BATTEN INTERNATIONAL, INC.**

## CERTIFICATE OF SERVICE

       The undersigned counsel certifies a true and correct copy of the foregoing was served on all parties and/or counsel of record in accordance with the Federal Rules of Civil Procedure on February 14, 2023.

                                        */s/ Kevin E. Barnett*
                                        Kevin E. Barnett